IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

David and Mary Jean Kennedy,                                        (Chapter 7)

Debtors.                                        Case No. 09-13149

## MEMORANDUM DECISION

La Force, Inc. sought relief from stay, claiming to be a secured creditor by virtue of a perfected execution lien. The chapter 7 trustee disputed perfection. The parties sought resolution of LaForce, Inc.'s status prior to addressing other issues under 11 U.S.C. § 362(d).

On December 22, 2008, LaForce, Inc. won a judgment of about $86,000 against David Kennedy in circuit court. LaForce then obtained a court order for Kennedy to appear for a supplemental examination. The order required Kennedy to appear before the court commissioner to answer questions on a given date. It also ordered Kennedy to prepare a financial statement and produce financial records. The order did not mention that a receiver would be appointed and did not order Kennedy to turn over any items, other than the financial records. The order was served on Kennedy on January 18, 2009. The Kennedys filed chapter 7 on May 12, 2009.

1

The parties agree that the outcome of this issue hinges on whether In re Badger Lines, 224 Wis. 2d 646 (Wis. 1999) applies. That case's procedural history was somewhat complex. The dispute arose when a judgment creditor issued an order for a supplemental examination that contained language enjoining the debtor from transferring its property. After the order was served, the state court appointed a supplemental receiver, required the debtor to turn over its assets within 10 days, and again enjoined the debtor from transferring assets. The debtor then filed chapter 7, and the supplemental receiver moved for turnover of funds, arguing that it was a secured creditor because it had attained a receiver's lien.

The Bankruptcy Court for the Eastern District of Wisconsin held that the lien came into existence when the receiver was appointed and so fell within the preference period. The district court reversed, holding that the lien arose when the order was served, making it outside the preference period. It remanded the question of whether such a lien required perfection to the bankruptcy court. The bankruptcy court then determined that the lien required perfection, and that such perfection occurred upon issuance of the turnover order or appointment of the receiver. Both events were within the preference period, making the perfection avoidable. The district court affirmed this holding.

On appeal, the Court of Appeals for the Seventh Circuit certified the question of when a receiver's lien arises to the Wisconsin Supreme Court. The state court modified the certified question somewhat, instead agreeing to decide

> "whether a creditor who initiates supplementary proceedings under chapter 816 must do more than serve a debtor with notice to appear in order to obtain a superior lien that cannot be overcome by another creditor on a simple contract"

The Wisconsin Supreme Court noted that chapter 816 of the Wisconsin Statutes was silent on whether or how a lien is created by service of supplemental execution. Nonetheless,

2

relying on caselaw from other jurisdictions and public policy concerns, the court held that that a judgment creditor acquires a lien that is valid and superior against other creditors when the creditor serves the debtor with a summons to appear at the supplementary proceeding.

The trustee insists that the holding of Badger Lines was premised on certain circumstances not present here, and that it only applies when a creditor issues an order containing language about the appointment of a receiver and demanding turnover of property. Because its order lacked this language, the trustee argues, LaForce did not become secured upon service.

Badger Lines applies to this case. The holding was not confined to circumstances where a receiver had been appointed. Indeed, the court dismissed the relevance of appointment of a receiver. Id. at ¶ 18. ("this court is not persuaded that the appointment of a receiver is the apogee of obtaining a valid lien against a debtor when we have called that appointment nothing more exalted than a 'formal matter'"). Further, the holding did not require that the order for supplemental exam contain certain "magic words" in order to create a lien. Instead, Badger Lines held that a creditor had acquired its lien when it served its *first* order, which only had language demanding appearance at the supplemental examination and enjoining transfers. The language the trustee cites about appointing a receiver and turnover was in the *second* order. That language was surplusage, not essential to the creation of the lien.

This position is also consistent both with the Badger Lines' court's review of caselaw and policy considerations. The court relied in part on a very early case called Kellogg v. Coller, 47 Wis. 649 (1879). In Kellogg, two creditors disputed who had an earlier lien. The first creditor's order to appear for supplemental examination was defectively served. Before the error could be

3

corrected, the second creator served its order, and was thus deemed to have the prior lien. Nothing in Kellogg suggested that the order had to contain special language.

The policy considerations cited by the court also show that it intended its holding to apply in a case like this. The court observed that Wisconsin has a public policy aversion to "secret liens," but held that creation of a lien upon mere service of an order did not violate this policy. Badger Lines at ¶ 22. Instead, the court pronounced itself "ultimately unconvinced that either the appointment of receiver or the issuance of a turnover order has the effect of making the lien significantly more public than service of a subpoena upon the debtor." Id. Accordingly, the court declined to require that either of these steps be taken as preconditions for creation of a valid lien. Service of an order is adequate enough notice, the court held, since the trustee can learn of the lien either by asking the debtor at the § 341 meeting, searching the judgment records, or asking creditors whether they have obtained such a lien. Id. at ¶ 25.

Accordingly, LaForce, Inc. became a secured creditor upon service of the order for supplemental examination. As a secured creditor, it may seek relief from stay under 11 U.S.C. § 362(d).

Dated: August 9, 2010

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

David and Mary Jean Kennedy, (Chapter 7)

Debtors. Case No. 09-13149

ORDER

The Court having reached the conclusions of law contained in the memorandum decision filed this date, it is hereby ORDERED that LaForce, Inc. may seek relief from stay under 11 U.S.C. § 362(d).

Dated: August 9, 2010

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE